# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 11:57 am, Apr 10, 2015

In the matter of: )
)
ERIC SIMON DEAURORA, )   Chapter 13 Case
)
      *Debtor*. )   Number <u>14-41976-EJC</u>
)

## MEMORANDUM OPINION

This case is before the Court on Creditor Timothy Good's Objection to Finding of Debtor's Compliance with the Requirement of 11 U.S.C. § 521(i) ("<u>§ 521(i) Motion</u>") (dckt. 27) and Creditor Timothy Good's Motion for Relief from the Automatic Stay ("<u>Stay Relief Motion</u>") (dckt. 28). The § 521(i) Motion seeks the dismissal of the case based on the Debtor's alleged failure to file a "substantive" statement of financial affairs by the deadline set by that code section. (Dckt. 27, at 1.) The Stay Relief Motion seeks the modification of the automatic stay to allow Timothy Good's prepetition lawsuit against Eric DeAurora ("<u>Debtor</u>") to proceed to a final judgment. The Court held a hearing on the motions on March 9, 2015, after which the Court took the matters under advisement. The Court will deny the § 521(i) Motion and will grant the Stay Relief Motion.

I. **JURISDICTION**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by Chief Judge Anthony

﹩AO 72A
(Rev. 8/82)

A. Alaimo on July 13, 1984. This case involves "core proceedings" under 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate") and (G) ("motions to terminate, annul, or modify the automatic stay"). In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

In June 2012, Mr. Good sued the Debtor in the Superior Court of Glynn County, alleging several causes of action against the Debtor relating to the Debtor's construction of Mr. Good's home on Saint Simons Island, Georgia. After the Debtor failed to respond to Mr. Good's discovery requests despite an order from that court requiring him to do so, in November 2013, Judge Stephen D. Kelley struck the Debtor's answer and ordered that default judgment was entered against the Debtor as to liability. (Dckt. 28-1, at 3.) The superior court did not enter a money judgment at that time for Mr. Good's damages and expenses of litigation. Instead, about one year later, the superior court granted Mr. Good's motion for a bench trial and set a trial date of December 2, 2014.

On December 1, 2014, the Debtor filed a Chapter 13 petition. (Dckt. 1.) Under Bankruptcy Rule 1007, the Debtor was required to file, *inter alia*, the following documents on or before December 15, 2014:

> (A) schedules of assets and liabilities; (B) a schedule of current income and expenditures; (C) a schedule of executory contracts and unexpired leases; (D) *a statement of financial affairs*; (E) copies of all payment advices or other evidence of payment, if any, received by the debtor from an employer within 60 days before the filing of the petition, with redaction of all but the

last four digits of the debtor's social-security number or individual taxpayer-identification number; and (F) a record of any interest that the debtor has in an account or program of the type specified in § 521(c) of the Code.

Fed. R. Bankr. P. 1007(b)(1) (emphasis added); *see also* Fed. R. Bankr. P. 1007(c). The Debtor did not file these documents until December 16, 2014.

On January 20, 2015, Lucinda B. Rauback, Clerk of the Bankruptcy Court, entered the Notice of Time to Object to a Finding of Debtor's Compliance with the Requirements of 11 U.S.C. § 521(i) (dckt. 23). That notice provides:

> Notice is hereby given that the Bankruptcy Code requires that certain papers be filed not later than forty-five (45) days after the filing of the petition unless a request for an extension of time to file the required papers is filed within that 45-day period. Failure to file the required papers will result in the case being automatically dismissed effective on the 46th day after the filing of the petition. It appears that the case of the above-captioned individual Debtor(s') is not subject to the automatic dismissal under 11 U.S.C. § 521(i).
>
> Therefore, pursuant to General Order 2007-5, this bankruptcy case will not be automatically dismissed under that section unless an objection is filed within twenty-one (21) days of the date of this notice.

(Dckt. 23.) On February 6, 2015, Mr. Good filed the § 521(i) Motion in response to the clerk's notice and also filed the Stay Relief Motion that same day. (Dckts. 27–28.)

Both motions came on for hearing on March 9, 2015. On the morning of the hearing, which was ninety-eight days after the petition date, the Debtor filed an amended statement of financial affairs. (Dckt. 38.) The amended statement of financial affairs changed the Debtor's answers to the first and fourth questions on Official Bankruptcy Form 7. Both the original and amended statement were prepared using Official Form 7, which is entitled "STATEMENT OF FINANCIAL AFFAIRS." In his

original statement, the Debtor darkened the box in the form to indicate that he had received no income from the beginning of the current year (then 2014) to the petition date and that he had received no income in the prior two years. The amended statement represents that his year-to-date employment income for 2014 was $102,111.32, his employment income for 2013 was $112,305.00, and his estimated gross income for 2012 was $95,500.00. (*Compare* Statement of Financial Affairs, dckt. 14, at 20, *with* Statement of Financial Affairs - Amended, dckt. 38, at 1.) Also, in his original statement, the Debtor darkened the box in the form to indicate that he was not a party to any lawsuits during the one-year period prior to the filing of this bankruptcy case. The amended statement represents that he was a defendant in two lawsuits during that time. (*Compare* Statement of Financial Affairs, dckt. 14, at 21, *with* Statement of Financial Affairs - Amended, dckt. 38, at 2.) Both statements contain the following declaration, which is purportedly signed by the Debtor: "I declare under the penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." (*E.g.*, Statement of Financial Affairs - Amended, dckt. 38, at 8.)

The Debtor was not present at the March 9 hearing, but he did appear through counsel. At the time of the hearing, the Debtor was working as a carpenter in Afghanistan.[1] The Debtor's wife testified at the hearing about her involvement in

---

[1] According to the Debtor's wife, the Debtor started training for his current job in February 2012 and has continually worked overseas since that time (other than leave time). His last visit to Georgia was in January 2015 and he returned to Afghanistan later that month.

gathering information to be used to complete the required documents for the Debtor's bankruptcy case.

III. CONCLUSIONS OF LAW

A. <u>Section 521(i) Motion</u>

Mr. Good argues that the case must be dismissed under § 521(i) and this Court's General Order Number 2007-5 because the Debtor "failed to file a substantive Statement of Financial Affairs." (Dckt. 27.) Bankruptcy Code § 521(i)(1) provides in relevant part:

> [I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i)(1). Section 521(a)(1), in turn, provides:

> (a) The debtor shall—
>   (1) file—
>     (A) a list of creditors; and
>     (B) unless the court orders otherwise—
>       (i) a schedule of assets and liabilities;
>       (ii) a schedule of current income and current expenditures;
>       (iii) *a statement of the debtor's financial affairs* and, if section 342(b) applies, a certificate—
>         (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
>         (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and

> read by the debtor;
> (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
> (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

11 U.S.C. § 521(a)(1) (emphasis added). Finally, this Court's General Order Number 2007-5 provides:

> 11 U.S.C. § 521(i) requires that an individual debtor file certain papers within forty-five (45) days of the filing of a petition or the case is automatically dismissed. In cases where Debtor fails to comply with this requirement, the Clerk will issue a Notice of Automatic Dismissal.
>
> In cases where it appears that the individual debtor has timely filed the required documents, the Clerk will provide notice of that fact and an opportunity to contest that finding.
>
> Upon expiration of the objection period, the Court shall issue an order finding that the case was not automatically dismissed, or set a hearing to consider any timely objection.

General Order No. 2007-5 (Bankr. S.D. Ga. Mar. 1, 2007).

At the hearing, counsel for the Debtor argued that § 521(i)(4), which operates as an exception to § 521(i)(1), applies in this case. Bankruptcy Code § 521(i)(4) provides:

> [O]n the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i)(4). Subsection (i)(4) clearly does not apply because the trustee did not file a motion under that subsection before the forty-five day period expired.

Nevertheless, Mr. Good's argument that the Debtor's case is subject to automatic dismissal under § 521(i)(1) fails as well. Section 521 requires the Debtor to file a statement of financial affairs, which the Debtor did sixteen days after the petition date. True, the Debtor failed to file all of the required documents by Bankruptcy Rule 1007(c)'s fourteen-day deadline; however, that rule does not require automatic dismissal. *See* 11 U.S.C. § 1307(c)(9).

Counsel for Mr. Good cites *In re Tennant*, 318 B.R. 860 (B.A.P. 9th Cir. 2004) in support of his position. But, that case is inapposite based on the statutory provisions involved as well as a subtle, yet crucially important factual distinction. The debtor in *In re Tennant* failed to even file a statement of financial affairs. In this case, the Debtor did file a statement of financial affairs. In essence, Mr. Good argues that because the Debtor's original statement of financial affairs did not contain certain information that the Debtor should have included, the Court should equate the filing of the original statement with not having filed the document at all.

That interpretation of Official Form 7 is incorrect. When the Debtor darkened the boxes next to the questions on that form and then signed the declaration, he provided factual assertions that he had no information to provide regarding those questions. Stated differently, he did not file a blank form. Instead, he provided information that appears to be false based on the amended statement of financial affairs.

In summary, § 521(i)(1) does not provide for a case's automatic dismissal if a document is filed with inaccurate information. Other law controls such situations. Even if Mr. Good is correct that the information provided in the Debtor's original statement of financial affairs is incorrect (or worse), that has no bearing on the Debtor's compliance with § 521(i)(1).

### B. Stay Relief Motion

In the Stay Relief Motion, Mr. Good seeks the modification of the automatic stay so that he can obtain a money judgment against the Debtor in the currently stayed Civil Action Number CE12-01070-063 in the Superior Court of Glynn County, Georgia and then record that judgment. At the March 9 hearing, counsel for the Chapter 13 Trustee objected to the Stay Relief Motion only on the grounds that it improperly sought to perfect a lien postpetition. To resolve the Chapter 13 Trustee's objection, counsel for Mr. Good orally withdrew his request that the stay be modified to allow him to record the judgment once it is obtained.

"As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor." *Egwineke v. Robertson (In re Robertson)*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000). Section 362(d)(1) of the Bankruptcy Code permits a bankruptcy court to terminate, annul, modify, or condition the automatic stay for "cause." The party opposing stay relief has the ultimate burden of disproving the existence of "cause." 11 U.S.C. § 362(g)(2). However, the movant has the initial burden to show that "cause" exists. Section 362(d)(1) does not define "cause," so a

bankruptcy court must determine "cause" based on the totality of the circumstances. *In re George*, 315 B.R. 624, 628 (Bankr. S.D. Ga. 2004) (Davis, J.).

"To determine whether to lift the automatic stay so that a party may continue litigation in another forum, most courts balance the hardship to the creditor if the creditor is not allowed to proceed with the lawsuit, against the potential prejudice to the debtor, the debtor's estate, and other creditors." *Saber Security & Investigations, LLC v. Raines (In re Raines)*, No. 08-41972-EJC, 2014 WL 6461784, at *3 (Bankr. S.D. Ga. Nov. 17, 2014) (Coleman, J.) (citing *In re Carraway Methodist Health Sys.*, 355 B.R. 853, 854 (Bankr. N.D. Ala. 2006)). In applying this balancing test, courts have considered numerous factors, such as:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*In re R.J. Groover Constr., L.L.C.*, 411 B.R. 460, 464 (Bankr. S.D. Ga. 2008) (Davis, J.).

Other courts formulate the balancing test with only three factors:

> (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit;
> (2) whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and
> (3) whether the creditor has a probability of success on the merits of his case.

*Robertson*, 244 B.R. at 882; *accord In re Dallas*, No. 10-12141, 2011 WL 6101832, at *2 (Bankr. S.D. Ga. Nov. 29, 2011) (Barrett, J.). In addition, although a more convenient forum is not one of the enumerated grounds for relief from stay in § 362(d), the legislative history of the section suggests that such a forum is cause under § 362(d)(1):

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

*In re Johnson*, 153 B.R. 49, 51 (Bankr. D. Idaho 1993) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836).

Mr. Good argues that cause exists to modify the automatic stay because he intends to have the Debtor's debt to him excepted from discharge under § 523(a)(2) and § 523(a)(6) of the Bankruptcy Code and his claim remains unliquidated due to the imposition of the stay. Counsel for the Debtor agreed at the hearing that the superior court was the best place to determine damages. No other party in interest, including the Chapter 13 Trustee, has any outstanding objections to the Stay Relief Motion. Based on a review of the facts presented in light of the factors provided above, the Court finds that Mr. Good has carried his burden on the issue of cause under § 362(d)(1). The underlying

%AO 72A
(Rev. 8/82)

10

dispute has been litigated before the superior court for years and both parties are represented in that proceeding. Judicial economy will be best served if the superior court decides the issue of damages. The balance of the equities and hardships favors the modification of the automatic stay. Accordingly, the Court will enter an order modifying the automatic stay in this case to allow Mr. Good to continue his civil action against the Debtor in the superior court until a final nonappealable judgment is rendered by that court. During the pendency of this bankruptcy case, Mr. Good shall not record that judgment in the general execution docket or request that a writ of fieri facias be issued until further order of this Court.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

Dated at Savannah, Georgia, this 10th day of April, 2015.

_____
Edward J. Coleman, III
United States Bankruptcy Judge
Southern District of Georgia